## Case No. 12,816.

### In re SHOWER.

[6 N. B. R. 586;[1]  4 Chi. Leg. News, 299.]

District Court, D. Kentucky.  June, 1872.

**BANKRUPTCY—DISCHARGE—BANKRUPT ACTS—PROPORTION OF ASSETS.**

In proceedings in bankruptcy commenced after January first, eighteen hundred and sixty-nine, where it does not appear either that the bankrupt's assets are equal to fifty per cent. of the claims proved against him on which he is liable as principal debtor, or that the requisite number of his creditors have assented to his discharge, a discharge from debts contracted prior to January first, eighteen hundred and sixty-nine, only, will be granted although the bankrupt shows that his assets equal fifty per cent. of the claims proved against his estate that were contracted subsequent to January first, eighteen hundred and sixty-nine.

[Cited in Re Hershman, Case No. 6,430; Re Pierson, Id. 11,154.]

In bankruptcy.

BALLARD, District Judge. On the twelfth day of October, eighteen hundred and seventy, John L. Shower filed his petition to be adjudged a bankrupt. He now applies to be discharged from all debts, from those which

[1] [Reprinted from 6 N. B. R. 586, by permission.]

were contracted on or after January first, eighteen hundred and sixty-nine, as well as from those contracted prior to that date. In support of this application he shows assets equal to fifty per centum of such claims proved against his estate as were contracted on or after the first of January, eighteen hundred and sixty-nine, but fails to show that his assets are equal to fifty per centum of all the claims proved against his estate on which he is liable as principal debtor. It is indisputable that the application must be granted so far as it seeks a discharge from the debts contracted prior to January first, eighteen hundred and sixty-nine, but I do not agree with the register that upon the facts shown, any discharge can be granted from the debts contracted on or after that date. The only provisions of the statute which relate to the subject are to be found in the second clause of the thirty-third section of the act of March second, eighteen hundred and sixty-seven (14 Stat. 532), in the amendment of July twenty-seventh, eighteen hundred and sixty-eight (15 Stat. 227), and in the further amendment of July fourteenth, eighteen hundred and seventy (16 Stat. 276).

Let us now bring the provisions of these several statutes together, and after learning the meaning of the original act, as amended by the act of July, eighteen hundred and sixty-eight, endeavor to ascertain how this meaning is modified by the act of July, eighteen hundred and seventy. The second clause of the thirty-third section of the act of March second, eighteen hundred and sixty-seven, provides, "And in all proceedings in bankruptcy commenced after one year from the time this act shall go into operation, no discharge shall be granted to a debtor whose assets do not pay more than fifty per centum of the claims against his estate, unless the assent in writing of a majority in number and value of his creditors who have proved their claims is filed in the case at or before the time of application for a discharge." I believe it has been universally held, that this provision of the act went into operation on the first day of June, eighteen hundred and sixty-seven. The act of July twenty-seventh, eighteen hundred and sixty-eight, provides that said clause be so amended as to read as follows: "In all proceedings of bankruptcy commenced after the first of January, eighteen hundred and sixty-nine, no discharge shall be granted to a debtor whose assets shall not be equal to fifty per centum of the claims, proved against his estate, upon which he shall be liable as principal debtor, unless the assent in writing of a majority in number and value of his creditors to whom he shall have become liable as principal debtor, and who shall have proved their claims, be filed in the case, at or before the time of the hearing of the application for a discharge."

This amendment effected several changes: First. Under the original act, the bankrupt could not obtain a discharge upon showing simply that he had conformed to his duty, unless the proceedings by or against him were commenced on or before the first day of June, eighteen hundred and sixty-eight. By the amendment he may obtain his discharge upon showing such conformity, if the proceedings were commenced on or before the first of January, eighteen hundred and sixty-nine. Second. Under the old law, in proceedings commenced after the first of June, eighteen hundred and sixty-eight, the bankrupt could obtain no discharge, unless his assets paid fifty per centum of all claims against his estate, whether owing by him as principal debtor or otherwise; by the amendment, in proceedings commenced after the first of January, eighteen hundred and sixty-nine, he is entitled to his discharge, if his assets are equal to fifty per centum of the claims proved, upon which he is liable as principal debtor. Third. By the original act, if the bankrupt, in asking for a discharge, relied upon the assent of his creditors, he was obliged to file such assent in the case at or before the application for discharge; by the amendment, the assent may be filed at or before the time of the hearing of the application.

Under the original act of March second, eighteen hundred and sixty-seven, and the amendment of July twenty-eighth, eighteen hundred and sixty-eight, the bankrupt was entitled to a discharge from his debts, no matter when the debts were contracted, but he was not entitled to such discharge unless proceedings were commenced within a given time. His right to a discharge did not depend upon the date of his debts, but upon the date of the proceedings. If the proceedings were commenced before the given date, he was either entitled to a discharge from all his debts (except those expressly excepted), or he was not entitled to a discharge from any. If the proceedings were commenced by or against him after the first of January, eighteen hundred and sixty-nine, he could be discharged from no debts, no matter when contracted, unless his assets were equal to fifty per centum of the claims proved against him, upon which he was liable as principal debtor, or unless the assent in writing of a majority in number and value of his creditors, to whom he was liable as principal, and who had proved their claims, was filed in the case at or before the hearing of the application.

We come now to consider the amendment of the fourteenth of July, eighteen hundred and seventy (16 Stat. 276). That amendment provides, "That the provisions of the second clause of the thirty-third section, as amended by the first section of an act in amendment thereof, approved July twenty-seventh, eighteen hundred and sixty-eight, shall not apply to those debts from which the bankrupt seeks a discharge, which were contracted prior to January first, eighteen

hundred and sixty-nine." We have just seen that under the provisions of the second clause of the thirty-third section. as amended by the act of July twenty-seventh, eighteen hundred and sixty-eight, the bankrupt could not, in proceedings commenced after January first, eighteen hundred and sixty-nine, if he did not rely on the assent of creditors, obtain a discharge from any of his debts, unless his assets were equal to fifty per centum of the claims proved against him, upon which he was liable as principal. This amendment declares that the provisions of said second clause shall not apply to debts from which the bankrupt seeks a discharge, which were contracted prior to January first, eighteen hundred and sixty-nine, but it leaves those provisions to apply in full force to debts from which he seeks a discharge, which were contracted after that time. The effect, then, of this last amendment is, that in proceedings commenced after January first, eighteen hundred and sixty-nine, the bankrupt will, upon showing only general conformity, be discharged from all debts contracted prior to January first, eighteen hundred and sixty-nine, but will not be discharged from any contracted on or after that time, without showing either that his assets are equal to fifty per centum of the claims proved against his estate, upon which he shall be liable as principal, or that his creditors have assented.

The demand that the assets shall equal fifty per centum of the claims proved makes no reference to the time when the claims were contracted. There is nothing whatever in the language of the demand to distinguish between claims contracted before and claims contracted after the first of January, eighteen hundred and sixty-nine. One class is as provable against the estate of the bankrupt as the other, and therefore when the statute says that the bankrupt shall not be discharged from his debts contracted on or after the first of January, eighteen hundred and sixty-nine, unless his assets shall be equal to fifty per centum of the claims proved against his estate, it is impossible to reject in the computation the claims proved which were contracted before the first of January, eighteen hundred and sixty-nine.

The assent must be equal to fifty per centum of all the claims proved on which the bankrupt is liable as principal, including as well those contracted prior to January, eighteen hundred and sixty-nine as those contracted afterwards. Under the act of eighteen hundred and sixty-eight, the bankrupt in proceedings commenced after January first, eighteen hundred and sixty-nine, could not be discharged from any of his debts, no matter when contracted, unless his assets bore a given relation to the claims proved, upon which he was liable as principal, or unless he exhibited the assent of his creditors. Under the act of eighteen hundred and seventy. he will be discharged from all debts contracted before the first of January, eighteen hundred and sixty-nine, though he has no as-

sets, and though he obtain no assent of creditors, but he cannot be discharged from any debt contracted since, unless he comply with the demands of the act of eighteen hundred and sixty-eight—that is, he must, I repeat, either show that his assets are equal to fifty per centum of all claims proved on which he is liable as principal, or he must exhibit the assent of creditors. Let me, if possible, make this matter still plainer. The universal rule of construction is to read every statute which has been amended, as if the amendments were incorporated with the original act. Now if we incorporate into the second clause of the thirty-third section of the bankruptcy act of March second, eighteen hundred and sixty-seven, the provisions contained in the amendatory act of July twenty-seventh, eighteen hundred and sixty-eight, and of July fourteenth, eighteen hundred and seventy, it will read as follows: "In all proceedings in bankruptcy commenced after the first of January, eighteen hundred and sixty-nine, no discharge shall be granted to a debtor from debts contracted on or after the first of January, eighteen hundred and sixty-nine, whose assets shall not equal fifty per centum of the claims proved against his estate, upon which he shall be liable as principal debtor, unless the assent in writing of a majority in number and value of his creditors, to whom he shall have become liable as principal debtor, and who have proved their claims, be filed in the case, at or before the time of hearing of the application for discharge." If this be the reading of the statute, and that it is seems to me to be undeniable, there seems to be no ground for the claim of the bankrupt. It seems to be as plain as language can be that he cannot be discharged from debts contracted since, though he is entitled to be discharged from the debts contracted prior to January first, eighteen hundred and sixty-nine, because his proceedings were commenced after that time and his assets are not equal to fifty per centum of claims proved against his estate on which he is liable as principal debtor, and there is no pretense that any of his creditors have assented to his discharge. Whether or not a bankrupt will be discharged from debts contracted after January first, eighteen hundred and sixty-nine, upon filing the assent of creditors whose debts were contracted before that time and which have been proved, if they constitute all of the debts proven or a majority in number and value, is a question not directly presented in this case. The conclusion at which I have arrived on the question before me seems to furnish a ready answer; but it is not proper that it should be either answered or discussed until it arises.

I have heretofore prescribed four forms of discharge: one applicable to cases in which the proceedings were commenced prior to January first, eighteen hundred and sixty-nine; a second, to cases commenced after that date, in which cases it does not appear either that the assets are equal to fifty per centum of the claims proved, &c., or that the creditors have

assented; a third, to cases commenced after that date in which it does appear that the assets equal fifty per centum, &c., and a fourth, to cases commenced after that date in which the assent of creditors is filed. In this case, as the proceedings were commenced after the first of January, eighteen hundred and sixty-nine, and as it does not appear either that his assets are equal to fifty per centum of the claims proved against his estate on which he is liable as principal debtor, or that any of his creditors have assented to his discharge, a discharge of the second class will be granted. Accordingly, it is considered that, whereas John L. Shower has been duly adjudicated a bankrupt, under the act of congress establishing a uniform system of bankruptcy throughout the United States, and appears to have conformed to all the requirements of law in that behalf,

It is therefore ordered by the court, that said John L. Shower be forever discharged from all debts and claims which by said act are made provable against his estate, and which existed on the twelfth day of October, eighteen hundred and seventy, on which day the petition for adjudication was filed by him, excepting such debts as were contracted on or after the first day of January, eighteen hundred and sixty-nine, and such, if any, as are excepted from the operation of a discharge in bankruptcy.